FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEANNE EDWARD ZAPIEN, <br><br> Defendant. | No. 1:22-CR-02053-SAB-1 <br><br> ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT AND GRANTING UNITED STATES' MOTION FOR DETENTION <br><br> **ECF No. 10** |

On Monday, October 24, 2022, Defendant made an initial appearance and was arraigned based on the Indictment (ECF No. 1). Defendant was represented by Assistant Federal Defender Craig Webster. Assistant United States Attorney Richard Burson represented the United States.

Defendant was advised of and acknowledged Defendant's rights.

The Court entered pleas of not guilty on Defendant's behalf.

The Office of the Federal Defenders was appointed to represent Defendant.

Defendant, personally and through counsel, waived the right to a detention hearing at this time.

ORDER - 1

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 10**, is **GRANTED.**

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

3. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party,

ORDER - 2

after the exercise of due diligence, is unable to determine the position of opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position. This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

4. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

5. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

ORDER - 3

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the

defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

6. Defendant is bound over to Judge Stanley A. Bastian for further proceedings.

**IT IS SO ORDERED**.

**DATED** October 24, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 5